Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
Mark Greenstone (SBN 199606)
Mark.Greenstone @capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:  (310) 556-4811
Facsimile:  (310) 943-0396

Attorneys for Plaintiffs Franchesca Ford
and Isabel Rodriguez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO DIVISION

| | |
|---|---|
| FRANCHESCA FORD, ISABEL RODRIGUEZ individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CEC ENTERTAINMENT, INC. D/B/A CHUCK E. CHEESE'S, a Kansas corporation,<br><br>Defendant. | Case No.:  **'14CV0677 JLS  JLB**<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)  Violation of 15 U.S.C. Section 1681b(b)(2)(A) and 1681d(a) (Fair Credit Reporting Act);<br>(2)  Violation of California Civil Code Section 1785 *et seq.* (Consumer Credit Reporting Agencies Act); and<br>(3)  Violation of California Civil Code Section 1786 *et seq.* (Investigative Consumer Reporting Agencies Act).<br><br>**Jury Trial Demanded As To Claims That Are So Triable** |

1    Plaintiffs Franchesca Ford and Isabel Rodriguez ("Plaintiffs"),
2  individually and on behalf of all other members of the public similarly situated,
3  based upon facts which either have evidentiary support, or are likely to have
4  evidentiary support after a reasonable opportunity for further investigation and
5  discovery, allege as follows:

**NATURE OF THE ACTION**

7    1.    This class action arises from CEC Entertainment, Inc.'s ("Defendant"
8  or "Chuck E. Cheese's") acquisition and use of consumer, investigative consumer
9  and/or consumer credit reports (referred to collectively as "credit and background
10  reports") to conduct background checks on Plaintiffs and other prospective,
11  current and former employees.

12    2.    Defendant routinely obtains and uses information from credit and
13  background reports in connection with its hiring process without complying with
14  state and federal mandates for doing so.

15    3.    Plaintiffs, individually and on behalf of all other members of the
16  public similarly situated, seek compensatory and punitive damages due to
17  Defendant's systematic and willful violation of, *inter alia*, the Fair Credit
18  Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*., the Consumer Credit
19  Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1 *et seq*. and the
20  Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§
21  1786 *et seq*.

22    4.    The procurement of credit and background reports for employment
23  purposes is subject to strict disclosure requirements under federal law pursuant to
24  the FCRA and under California law pursuant to the CCRAA and ICRAA.  Among
25  other things, an employer may not procure a credit or background report
26  concerning a job applicant unless a "clear and conspicuous" disclosure is made in
27  a stand-alone document that "consists solely of the disclosure" informing the
28  applicant that a report may be obtained for employment purposes.  This required

disclosure document is sometimes referred to as a "preauthorization" form.

5.     Defendant's preauthorization form is embedded in a multi-page employment application, and contains a liability release, among other extraneous information.  For these reasons, among others, Defendant's preauthorization form violates the law.

6.     As further alleged herein, Defendant's violations occurred because Defendant has failed to properly apprise itself of the statutory mandates before seeking and acquiring credit and background reports; violated the express and unambiguous provisions of the relevant statutes; and/or failed to implement reasonable procedures to assure compliance with statutory mandates.

7.     As a result of Defendant's wrongful acts and omissions, Plaintiffs and other putative class members have been injured, including, without limitation, having their privacy and statutory rights invaded in violation of the FCRA, CCRAA and ICRAA.

8.     Plaintiffs seek on behalf of themselves and putative class members, statutory, actual and/or compensatory damages, punitive damages, and equitable relief, including costs and expenses of litigation including attorney's fees, and appropriate injunctive relief requiring Defendant to comply with its legal obligations, as well as additional and further relief that may be appropriate. Plaintiffs reserve the right to amend this Complaint to add additional relief as permitted under applicable law.

## JURISDICTION AND VENUE

9.     The FCRA, codified as 15 U.S.C. Section 1681 *et seq*., authorizes Court actions by private parties to recover damages for failure to comply with its provisions.  Jurisdiction over Plaintiffs' FCRA claims is based upon 15 U.S.C. Section 1681p and 28 U.S.C. Section 1331.

10.    Under 28 U.S.C. Section 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims because the state claims are so related

to the FCRA claims that they form part of the same case or controversy. Additionally, jurisdiction over Plaintiffs' state law claims is based upon the Class Action Fairness Act of 2005, codified as 28 U.S.C. Section 1332(d)(2)(A), because the amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs, and because the parties are diverse because Plaintiffs are residents of California and Defendant is a Kansas corporation with its principal place of business in Texas.

11.     Venue lies within this judicial district pursuant to 28 U.S.C. Section 1391(b) and (c) because Defendant transacts business in this judicial district and because this District is a District in which a substantial part of the events or omissions giving rise to the Complaint occurred.  Specifically, Plaintiff RODRIGUEZ completed Defendant's employment application in National City, California, County of San Diego. Venue is proper in the Southern District of California.

## THE PARTIES

12.     Plaintiff FRANCHESCA FORD is a resident of Sacramento, California, in Sacramento County.

13.     Plaintiff ISABEL RODRIGUEZ is a resident of San Diego, California, in San Diego County.

14.     Defendant CEC ENTERTAINMENT, INC. D/B/A CHUCK E. CHEESE'S was and is, upon information and belief, a Kansas corporation with its principal place of business and corporate headquarters in Irving, Texas, and was, at all times relevant to this complaint, engaged in commercial transactions throughout this county, the State of California and the various states of the United States of America.

## PLAINTIFFS' FACTS

15.     Plaintiff FORD applied for a job with Defendant by completing a "Cast Member/Call Center Application for Employment" on or about July 30,

2012.

16.     Plaintiff RODRIGUEZ applied for a job with Defendant by completing a "Cast Member/Call Center Application for Employment" on or about April 5, 2012.

17.     Plaintiffs allege, on information and belief, that in evaluating them for employment, Defendant procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. Section 1681a(d)(1)(B) and 15 U.S.C. Section 1681a(e), and a consumer credit report and/or investigative consumer report, as defined by Cal. Civ. Code Section 1785.3(c) and Cal. Civ. Code Section 1786.2(c)).

18.     In connection with their employment applications, Plaintiffs completed Defendant's standard materials, which, on information and belief, were used regularly by Defendant for all job applicants during the relevant time period in the connection with its employment policies, procedures and/or practices. Defendant's employment application is a three-page document entitled "Cast Member/Call Center Application for Employment" that includes an "Acknowledgment" section on the third and final page of the document.   Within the "Acknowledgment" section is language purportedly disclosing to prospective applicants, including Plaintiffs and class members, that a credit and/or background report may be obtained about them in connection with the employment application.  Upon the signing of this "Acknowledgment" section, Plaintiffs and class members purportedly authorized Defendant to procure a credit and/or background report.

///

///

///

///

///

19.     Below is a reproduction of the portion of the application containing the Acknowledgment:

---

Have you ever been terminated from employment?     ☐ Yes  ☒ No

If yes, please explain _____

May we contact the employers listed in work history section?   ☒ Yes   ☐ No

If not, indicate which one(s) you do not wish us to contact_____

---

**References other than relatives: (i.e. school counselor, previous employer, etc)**

Name: Katrina Pool          Relationship: Friend          Phone: 303-927-5661

Address: _____     City/State/Zip: _____

Name: Josh Pepper          Relationship: Friend          Phone: 303-547-2440

Address: _____     City/State/Zip: _____

---

### ACKNOWLEDGEMENT

I certify that all information which I have provided in this Application for Employment is true, correct and complete. I understand that deliberate falsifications or omissions will be grounds for denying or terminating employment with CEC Entertainment, Inc., d/b/a Chuck E. Cheese's, even if the determination is made years later.

I authorize investigation of any and all statements contained in this application for my employment as may be necessary in arriving at an employment decision. CEC Entertainment Inc., d/b/a Chuck E. Cheese's may seek to verify the information provided in this Application for Employment. By signing below, I authorize CEC Entertainment, Inc., d/b/a Chuck E. Cheese's, it's parent, subsidiaries, affiliates and of its (their) employees or agents (collectively) referred to as CEC Entertainment, Inc., d/b/a Chuck E. Cheese's) to contact the persons, organizations, and personal references that I have listed and to discuss my character, general reputation and general background with them at anytime during the seeking of a position with CEC or at anytime during the course of my employment in accordance with local, state, or federal law.

I also release CEC Entertainment, Inc., d/b/a Chuck E. Cheese's, and all of the persons, organizations and their agents who are contacted by CEC Entertainment, Inc., d/b/a Chuck E. Cheese's for this purpose, from any and all claims, of any kind or nature, which may arise now or in the future from or in any way connected with the process of verifying the information I have provided.

I agree that, if I am employed, I will abide by all the rules and regulations of CEC including the safety rules of CEC. I understand that the pre-employment background check and taking of drug and/or alcohol tests, when given pursuant to company policy and in compliance with state and federal law, are a condition of continued employment and refusal to take such tests when asked will be grounds for my immediate termination. I further understand that nobody at CEC is authorized to enter into any written or verbal employment contracts with me for any definite period of time without the express written consent of the President/CEO of the CEC. I also understand that my employment is "at-will" and may be terminated by myself or by CEC at any time for any reason or no reason at all, consistent with State and federal law with or without prior notice. I further agree and understand that it is my obligation to update and supplement any answers to the questions in this job application in the future, including in the interview process or when I become employed by CEC.

Applicant's Signature: Isabel Rodriguez          Date: 4-5-12

---

**CHUCK E. CHEESE'S**

20.     Because this purported disclosure is embedded within an employment application and surrounded by extraneous information, and is not a clear and unambiguous disclosure in a stand-alone document,  it does not meet the

CLASS ACTION COMPLAINT

requirements under the law  In addition, this purported disclosure contains the following information within its four corners which has nothing to do with the disclosure of the intent to perform a credit or background check:

(a)   I certify that all information which I have provided in this Application for Employment is true, correct and complete.  I understand that deliberate falsifications or omissions will be grounds for denying or terminating employment with CEC Entertainment, Inc., d/b/a Chuck E. Cheese's, even if the determination is made years later ("Certification").

(b)   I also release CEC Entertainment, Inc., d/b/a Chuck E. Cheese's, and all of the persons, organizations and their agents who are contacted by ECE Entertainment, Inc., d/b/a Chuck E. Cheese's for this purpose, from any and all claims, of any kind or nature, which may arise now or in the future from or in any way connected with the process of verifying the information I have provided ("Waiver").

(c)   I agree that, if I am employed, I will abide by all the rules and regulations of CEC including the safety rules of CEC.  I understand that the pre-employment background check and taking of drug and/or alcohol tests, when given pursuant to company policy and in compliance with state and federal law, are a condition of continued employment and refusal to take such tests when asked will be grounds for my immediate termination.  ("Continued Consent").

(d)   I further understand that nobody at CEC is authorized to enter into any written or verbal employment contracts with me for any definite period of time without the express written consent of the President/CEO of the CEC.  I also understand that my employment is "at-will" and may be terminated by myself or by CEC at any time for any reason or no reason at all, consistent with State and federal law with or without prior notice.  ("Understanding of 'At-Will' Employment").

21.    The inclusion of the above Certification, Waiver, Continued Consent and Understanding of "At-Will" Employment provisions in the Acknowledgement violates Section 1681b(b)(2)(A) of the FCRA.

22.    Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report[1] or investigative consumer report[2] for employment purposes,

[1] Section 1681a(d)(1) of the FCRA defines "consumer report" as any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as

unless the disclosure is made in a document that consists *solely* of the disclosure and the consumer has authorized, in writing, the procurement of the report.  15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).

23.     Although the disclosure and the authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document.  For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information.  The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

24.     The plain language of the statute also clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure.  In fact, the FTC expressly has warned that the FCRA notice may not include extraneous information such as a release.  In a 1998 opinion letter, the FTC stated:

> [W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA.  The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment  purposes.

a factor in establishing the consumer's eligibility for employment purposes.
[2] Section 1681a(e) of the FCRA defines "investigative consumer report" as "a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information."

25.     In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C. § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

26.     By including the Certification, Waiver, Continued Consent, and Understanding of "At-Will" Employment provisions in its Acknowledgement, Defendant willfully disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA.  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear[] and accurate[]," and thus violates Sections 1681b(b)(2)(A) and 1681d(a).

27.     Defendant's Acknowledgement also violates Cal. Civ. Code Sections 1785.20.5(a) and 1786.16(b) because it does not contain a check box whereby applicants may elect to receive a copy of their credit or background report, among other information required to be provided under the CCRAA and ICRAA. Further, on information and belief, Defendant did not contemporaneously or timely provide reports when requested.

## CLASS ACTION ALLEGATIONS

28.     Plaintiffs bring this lawsuit as a class action on behalf of themselves and all others similarly situated as members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

29.     Plaintiffs' proposed class consists of and is defined as:

> All persons residing in the United States who applied for an employment position with Defendant within the two years immediately preceding the filing of this lawsuit ("Class").

30.     Plaintiffs' proposed California subclass of the FCRA Pre-

Authorization Class consists of and is defined as follows:

> All persons residing in California, ,who applied for an employment position with Defendant within the two years immediately preceding the filing of this lawsuit ("CCRAA/ICRAA Subclass").

31.     Members of the Class and CCRAA/ ICRAA Subclass, as described above, will be referred to as "class members."  Excluded from the Class and CCRAA/ ICRAA Subclass are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned and the Judge's staff.  Plaintiffs reserve the right to amend the above Class and CCRAA/ ICRAA Subclass and to add additional subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

32.     <u>Numerosity</u>:  The class members are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire Class and CCRAA/ ICRAA Subclass is unknown to Plaintiffs at this time; however, the Class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendant's employment and/or hiring records.  Consequently, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable.  The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

33.     <u>Commonality</u>:  There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

> (a)     Whether it is Defendant's standard procedure to provide a stand-alone written disclosure to applicants and employees before obtaining a credit or background report in compliance with the statutory mandates;

(b)    Whether it is Defendant's standard procedure to provide a written copy of the FCRA Summary of Rights in compliance with the statutory mandates;

(c)    Whether it is Defendant's standard procedure to provide applicants and employees a reasonable opportunity to obtain copies of their credit or background report in compliance with the statutory mandates;

(d)    Whether it is Defendant's standard procedure to provide applicants and employees with written copies of their credit or background in a timely manner in compliance with the statutory mandates;

(e)    Whether Defendant's failures to comply with the FCRA, CCRAA or ICRAA were willful or grossly negligent; and

(f)    The appropriate amount of statutory damages, attorneys' fees, and costs resulting from Defendant's violations of federal and California law.

34.    <u>Typicality</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they are similarly situated, and Plaintiffs' claims (or defenses, if any) are typical of all class members' as demonstrated herein.

35.    <u>Adequacy</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they are similarly situated, as demonstrated herein.  Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts, or differences with any class member.  Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are and will be necessarily expended for the

1    prosecution of this action for the substantial benefit of each class member.

2         36.    <u>Predominance</u>:  Questions of law or fact common to the class

3    members predominate over any questions affecting only individual members of

4    the Class.  The elements of the legal claims brought by Plaintiffs and the class

5    members are capable of proof at trial through evidence that is common to the class

6    rather than individual to its members.

7         37.    <u>Superiority</u>:  Plaintiffs and class members have all suffered and will

8    continue to suffer harm and damages as a result of Defendant's unlawful and

9    wrongful conduct.  A class action is superior to other available methods for the

10   fair and efficient adjudication of the controversy.  Absent a class action, most

11   class member would likely find the cost of litigating their claims prohibitively

12   high and would therefore have no effective remedy at law.  Because of the

13   relatively small size of the individual class members' claims, it is likely that only a

14   few class members could afford to seek legal redress for Defendant's misconduct.

15   Absent a class action, class member will continue to incur harm and damages and

16   Defendant's misconduct will continue without remedy.  Class treatment of

17   common questions of law and fact would also be a superior method to multiple

18   individual actions or piecemeal litigation in that class treatment will conserve the

19   resources of the courts and the litigants and will promote consistency and

20   efficiency of adjudication.

21        38.    The Class may also be certified because:

22             (a)    the prosecution of separate actions by individual class

23                    members would create a risk of inconsistent or varying

24                    adjudication with respect to individual class members, which

25                    would establish incompatible standards of conduct for

26                    Defendant;

27             (b)    the prosecution of separate actions by individual class

28                    members would create a risk of adjudications with respect to

them that would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c)   Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

## Violation of the Fair Credit Reporting Act Sections 1681b(b)(2)(A) and 1681d(a).

39.   Plaintiffs hereby incorporate by reference the allegations contained in this Complaint.

40.   Defendant is a "person" as defined by Section 1681a(b) of the FCRA.

41.   Plaintiffs and class members are "consumers" within the meaning Section 1681a(c) of the FCRA, because they are "individuals."

42.   Section 1681b(b)(2)(A) of the FCRA provides, in relevant part:

(b) Conditions for furnishing and using **consumer reports for employment purposes.**
…

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) a ***clear and conspicuous*** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

(Emphasis Added.)

43.     Section 1681d(a) provides, in relevant part:

(a) Disclosure of fact of preparation

(a) A person may not procure or cause to be prepared an **investigative consumer report** on any consumer unless—

(1) it is ***clearly and accurately disclosed*** to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure

(A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

(B) ***includes a statement informing the consumer of his right to request the additional disclosures*** provided for under subsection (b) of this section ***and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)*** of this title; (Emphasis Added.)

44.     As discussed more fully above, Defendant violated Section 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiffs and class members with a clear and conspicuous written disclosure, before a consumer report is procured or caused to be procured, that a consumer report may be obtained for employment purposes, in a document that consists solely of the disclosure.

45.     Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant has a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring consumer reports or causing consumer reports to be procured.  Pursuant to that policy and practice, Defendant procured consumer reports or caused consumer reports to be procured for Plaintiffs and class members without first providing a written disclosure in compliance with Section 1681b(b)(2)(A) of the FCRA.

46.     Defendant's conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful.  Defendant acted in deliberate or reckless disregard of

its obligations and the rights of applicants and employees, including Plaintiff and class members.  Defendant's willful conduct is reflected by, among other things, the following facts:

      (a)   Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel;

      (b)   Defendant included a purported authorization to perform credit and background checks in its employment application which, although defective, evidences Defendant's awareness of and willful failure to follow the governing laws concerning such authorizations;

      (c)   The plain language of the statute unambiguously indicates that inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements; and

      (d)   The FTC's express statements, pre-dating Defendant's conduct, which state that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the FCRA disclosure form.

47.    Defendant violated section 1681d(a)(1) of the FCRA by failing clearly and accurately disclose that an investigative consumer report may be made; failing to include a statement informing Plaintiffs and class members that such a report involves personal interviews with sources such as neighbors, friends, or associates; failing to inform them of their right to request the additional disclosures provided for under 1681d(b); and failing to provide a written summary of Plaintiffs' and class members' rights under 1681g(c) as part of the disclosure.

48.    On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant has a policy and practice of procuring investigative

consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing a written summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made.  Pursuant to that policy and practice, Defendant procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiffs and class members, without providing a timely written summary of their rights under the FCRA.

49.     Accordingly, Defendant willfully violated and continues to violate the FCRA including, but not limited to, Sections 1681b(b)(2)(A) and 1681d(a). Defendant's willful conduct is reflected by, among other things, the facts set forth above.

50.     As a result of Defendant's illegal procurement of credit and background reports by way of its inadequate disclosures, as set forth above, Plaintiffs and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

51.     Plaintiffs, on behalf of themselves and all class members, seek all available remedies pursuant to 15 U.S.C. Section 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

52.     In the alternative to Plaintiffs' allegation that these violations were willful, Plaintiffs allege that the violations were negligent and seek the appropriate remedy, if any, under 15 U.S.C. Section 1681o.

## SECOND CAUSE OF ACTION

### Violation of the Consumer Credit Reporting Agencies Act Section 1785.20.5(a).

53.     Plaintiffs hereby incorporate by reference the allegations contained in this Complaint.

54.     Defendant is a "person" as defined by Cal. Civ. Code Section

1785.3(j).

55.     Plaintiffs and class members are consumers within the meaning of Cal. Civ. Code Section 1785.3(b), because they are "natural individuals."

56.     Section 1785.3(c) of the CCRAA defines "consumer credit report" as any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.

57.     Section 1785.3(d) of the CCRAA defines "consumer credit reporting agency" as "any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes."

58.     Section 1785.3(f) of the CCRAA defines "employment purposes," when used in connection with a consumer credit report, as "a report used for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention as an employee."

59.     Section 1785.20.5(a) of the CCRAA requires that prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice that (1) identifies the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report; (2) informs the person of the source of the report; and (3) contains a box that the person may check off to receive a copy of the credit report.  The employer must provide the report to the applicant or employee contemporaneously and at no charge.

60.     At all relevant times herein, Defendant willfully violated Section

1785.20.5(a) of the CCRAA as to Plaintiffs and class members because it failed to provide written notice to Plaintiffs and class members that includes a check box that would allow Plaintiffs and class members to opt to receive a copy of their consumer credit report.  Defendants also willfully violated section 1785.20.5(a) by failing to include the source of the credit report in a written notice to Plaintiffs and class members and failing to state a specific basis for obtaining the credit report as indicated under Labor Code section 1024.5.

61.     On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant had and has a policy and practice of failing to provide notice that (1) identifies the specific basis for use of the report; (2) informs the person of the source of the report; and (3) includes a check box that would allow applicants and employees to choose to receive a copy of their consumer credit report. Pursuant to that policy and practice, Defendant willfully violated Section 1785.20.5(a) of the CCRAA as to Plaintiffs and class members.

62.     Accordingly, Defendant willfully violated and continues to violate the CCRAA including, but not limited to Section 1785.20.5(a), and has violated the privacy rights of Plaintiffs and class members.  Defendant's willful conduct is reflected by, among other things, the facts set forth above.

63.     As a result of Defendant's willful conduct as set forth above, Plaintiffs and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

64.     Plaintiffs, on behalf of themselves and all class members, seek all available remedies pursuant to Cal. Civ. Code Sections 1785.31 including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

65.     In the alternative to Plaintiffs' allegation that these violations were willful, Plaintiffs allege that the violations were negligent and seek the appropriate

1  remedy, if any, under Cal. Civ. Code Section 1785.31.

2  ## THIRD CAUSE OF ACTION

3  **Violation of the Investigative Consumer Reporting Agencies Act Section**

4  **1786.16(b).**

5  66.     Plaintiffs hereby incorporate by reference the allegations contained in

6  this Complaint.

7  67.     Defendant is a "person" as defined by Cal. Civ. Code Section

8  1786.2(a).

9  68.     Plaintiffs and class members are consumers within the meaning Cal.

10  Civ. Code Section 1786.2(b), because they are natural individuals who have made

11  application to a person for employment purposes.

12  69.     Section 1786.2(c) of the ICRAA defines "investigative consumer

13  report" as "a consumer report in which information on a consumer's character,

14  general reputation, personal characteristics, or mode of living is obtained through

15  any means."

16  70.     Section 1786.2(d) of the ICRAA defines "investigative consumer

17  reporting agency" as "any person who, for monetary fees or dues, engages in

18  whole or in part in the practice of collecting, assembling, evaluating, compiling,

19  reporting, transmitting, transferring, or communicating information concerning

20  consumers for the purposes of furnishing investigative consumer reports to third

21  parties, but does not include any governmental agency whose records are

22  maintained primarily for traffic safety, law enforcement, or licensing purposes, or

23  any licensed insurance agent, insurance broker, or solicitor, insurer, or life

24  insurance agent."

25  71.     Section 1786.16(a)(2)(B) provides, in relevant part:

26  (B) The person procuring or causing the report to be made provides a clear
and conspicuous disclosure in writing to the consumer at any time before

27  the report is procured or caused to be made in a document that consists
solely of the disclosure, that:

28

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) ***Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation***.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

(vi) ***Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or***, if the agency has no Internet Web site address, ***the telephone number of the agency***, where the consumer may find information about the investigative reporting agency's privacy practices . . . . (Emphasis Added.)

72.    Defendant violated Section 1786.16(a)(2)(B) of the ICRAA by failing to include the name, address, phone number, and website for the investigative consumer reporting agency conducting the investigation for the consumer report.

73.    Section 1786.16(b)(1) provides, in relevant part:

(b) Any person described in subdivision (d) of Section 1786.12 who requests an investigative consumer report, in accordance with subdivision (a) regarding that consumer, shall do the following:

(1) ***Provide the consumer a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report*** that is prepared. If the consumer wishes to receive a copy of the report, the recipient of the report shall send a copy of the report to the consumer within three business days of the date that the report is provided to the recipient, who may contract with any other entity to send a copy to the consumer. The notice to request the report may be contained on either the disclosure form, as required by subdivision (a), or a separate consent form. The copy of the report shall contain the name, address, and telephone number of the person who issued the report and how to contact them. (Emphasis Added.)

74.    Defendant violated Section 1786.16(b)(1) by failing to provide to Plaintiffs and class members a written form, by means of a box to check, to indicate their desire to receive a copy of their investigative consumer report requested by Defendant.

75.     On information and belief, and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant had and has a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing them a way to indicate on a written form, by means of a box to check, that they wish to receive a copy of any report that is prepared.  Pursuant to Defendant's policy and practice, Defendant procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiffs and class members without providing them with the means required under Section 1786.16(b)(1) of the ICRAA to indicate that they would like to receive a copy of their report(s).

76.     Accordingly, Defendant willfully violated and continues to violate the ICRAA including, but not limited to Sections 1786.16(a)(2)(B) and 1786.16(b)(1).  Defendant's willful or grossly negligent conduct is reflected by, among other things, the facts set forth above.

77.     As a result of Defendant's willful or grossly negligent failure to provide the required form and/or report(s) as set forth above, Plaintiffs and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

78.     Plaintiffs, on behalf of themselves and all class members, seek all available remedies pursuant to Cal. Civ. Code Section 1786.50 including actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

## REQUEST FOR JURY TRIAL

79.     Plaintiffs request a trial by jury of all issues which may be tried by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

Plaintiffs, on behalf of themselves and class members, request that the

1    Court enter judgment against Defendant, as follows:

2    (a) An order certifying the proposed Classes and Subclasses,

3        designating Plaintiffs as named representatives of the Class

4        and Subclass, and designating the undersigned as Class

5        Counsel;

6    (b) A Declaration that Defendant's practices violate the FCRA,

7        CCRAA, and ICRAA;

8    (c) An award of statutory, compensatory, special, general, and

9        punitive damages according to proof against all Defendants;

10   (d) An award of appropriate equitable relief, including but not

11       limited to an injunction forbidding Defendant from engaging

12       in further unlawful conduct in violation of the FCRA,

13       CCRAA, and ICRAA;

14   (e) An award of pre-judgment and post-judgment interest, as

15       provided by law;

16   (f) Leave to amend the Complaint to conform to the evidence

17       produced at trial;

18   (g) An award of attorneys' fees and costs, as allowed by law,

19       including an award of attorneys' fees and costs pursuant to 15

20       U.S.C. § 1681n, 15 U.S.C. 1681o, California Civil Code, §§

21       1785.31(a) and 1786.50, and California Code of Civil

22       Procedure § 1021.5; and

23   ///

24   ///

25   ///

26

27

28

CLASS ACTION COMPLAINT

1      (h)  Such other relief as may be appropriate under the

2      circumstances.

3 Dated: March 21, 2014     Respectfully submitted,

4               Capstone Law APC

5

6           By: /s/ Mark S. Greenstone

7            Jordan L. Lurie
             Mark S. Greenstone

8            Tarek H. Zohdy
             Cody R. Padgett

9            Attorneys for Plaintiffs Franchesca Ford

10           and Isabel Rodriguez

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT