1
2
3
4
5
6
7
8

9                    **UNITED STATES DISTRICT COURT**

10                   **SOUTHERN DISTRICT OF CALIFORNIA**

11   FRANCESCA FORD, ISABEL              CASE NO. 14-CV-677 JLS (JLB)
     RODRIGUEZ, individually, and on
12   behalf of the other members of the   **ORDER GRANTING PLAINTIFFS'**
     general public similarly situated,    **UNOPPOSED MOTION FOR**
13                                          **PRELIMINARY APPROVAL OF**
                                           **CLASS ACTION SETTLEMENT**
14
                                Plaintiffs,   (ECF No. 36)
15   vs.

16

17   CEC ENTERTAINMENT, INC.
     D/B/A CHUCK E. CHEESE'S, a
18   Kansas Corporation,

19

20                              Defendant.

21

22          Presently before the Court is Plaintiffs Motion For Preliminary Approval of

23   Class Action Settlement.  (Mot. Prelim. Approval, ECF No. 36.) Having considered

24   Plaintiffs' unopposed motion and the law, the Court **GRANTS** the Motion.

25                              **BACKGROUND**

26          This case arises out of Defendant's alleged violations of the Fair Credit

27   Reporting Act ("FCRA"), 15 U.S.C. sections 1681b(b)(2)(A) and 1681d(a); the

28   California Consumer Credit Reporting Agencies Act, Cal. Civ. Code section 1785, *et*

*seq*; and the California Investigative Consumer Reporting Agencies Act, Cal. Civ. Code section 1786, *et seq*. (*Id.* at 9.[1])  Plaintiffs allege that Defendant violated the FCRA and related statues by using background check disclosure forms in its employment applications that contained extraneous information, such that the forms did not solely consist of the disclosure. (*Id.*)  Defendant estimates that it procured background checks for approximately 28,500 people who executed these forms ("Settlement Class").  (*Id.*)  Plaintiffs also claim that Defendant took adverse employment actions with respect to approximately 440 people as a result of the background checks ("Adverse Action Subclass"). (*Id.*)

Plaintiffs now ask the Court to conditionally certify the Class for settlement purposes as the Parties have agreed on a class-wide resolution to the dispute.  In its unopposed Motion, Plaintiffs seek an order: (1) granting preliminary approval of class settlement; (2) conditionally certifying the Settlement Class; (3) approving the Parties' proposed form and method of giving Class Members notice of the action and the proposed settlement; (4) appointing Francesca Ford as the class representative; (5) appointing Capstone Law APC as class counsel; (6) appointing Kurtzman Carson Consultants, LLC as the Settlement Administrator; and (7) scheduling a hearing date and briefing schedule for final settlement approval and Plaintiffs' fee and expense application. (*Id.* at 11.)

## TERMS OF THE PROPOSED SETTLEMENT AGREEMENT

The proposed settlement class (the "Settlement Class" or the "Class") consists of "all individuals for whom CEC obtained a background check from a third-party credit reporting agency between March 24, 2012, and the date of prliminary approval, without fully complying with the disclosure and authorization requirements of the FCRA, the California Consumer Credit Reporting Agencies Act and the California Investigative Consumer Reporting Agencies Act."  (Friedl Decl. 12, ECF No. 36-1.) The adverse action subclass consists of "members of the Settlement Class against

---

[1]For ease of reference, all page numbers cited to are those at the top of the page.

whom CEC took adverse employment action based on the background check that CEC procured." (*Id.* at 7.)

Defendant has agreed to settle the class claims with Plaintiffs for a Maximum Settlement Sum of $1,750,500. (Mot. Prelim. Approval 14, ECF No. 36.) This amount includes: "(1) individual settlement payments to the Participating Settlement Class Members and Adverse Action Subclass Members; (2) a class representative enhancement of up to $5,000 to the Class Representative and a separate enhancement of up to $2,500 for Plaintiff Isabel Rodriguez; (3) payment to Class Counsel of attorneys' fees in an amount not to exceed one-third of the Settlement Class Maximum Settlement Sum; (4) Class Counsel's reasonable, documented expenses attributable to the Settlement Class part of the Settlement; (5) the reasonable fees and expenses of the Settlement Administrator attributable to the administration of the Settlement Class part of the Settlement in an amount not to exceed $78,500." (Friedl Decl. 8, 13, ECF No. 36-1.) In addition, a portion of the fund - $40,500 - is allocated to the Adverse Action Subclass from which the Settlement Administrator will pay Subclass members less attorneys' fees and costs of the amount allocated to the Subclass and settlement administrator costs of no more than $1500. (*Id.* at 8.) Lastly, CEC has agreed to make changes to its background check and disclosure forms to comply with applicable law and has already implemented new forms in all states in which it does business. (*Id.* at 24.)

The Parties have negotiated a default automatic payment procedure whereby all Class Members are entitled to receive a check for approximately $38 without having to submit a claim form. (Mot. Prelim. Approval 15–16, ECF No. 36.) In addition, Adverse Action Subclass Members are entitled to receive approximately $63 in addition to their class payments. (*Id*.)

## SETTLEMENT CLASS CERTIFICATION

Before granting preliminary approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified. *Amchem Prods.*

14cv1246

1  *v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply
2  "undiluted, even heightened, attention [to class certification] in the settlement context"
3  in order to protect absentees).

4        Class actions are governed by Federal Rule of Civil Procedure 23.  In order to
5  certify a class, each of the four requirements of Rule 23(a) and at least one of the
6  requirements of Rule 23(b) must be met.  *Zinser v. Accufix Research Inst., Inc.*, 253
7  F.3d 1180, 1186 (9th Cir. 2001).  Rule 23(a) allows a class to be certified only if:

8          (1) the class is so numerous that joinder of all members is impracticable;
9          (2) there are questions of law or fact common to the class;
10         (3) the claims or defenses of the representative parties are typical of the
11         claims or defenses of the class; and
12         (4) the representative parties will fairly and adequately protect the
13         interests of the class.

14 Fed. R. Civ. P. Rule 23(a).

15       In addition to Rule 23(a)'s requirements, the proposed class must satisfy the
16 requirements of one of the subdivisions of Rule 23(b).  Here, the parties seek to certify
17 the Settlement Class under subdivision Rule 23(b)(3), which permits certification if
18 "questions of law or fact common to class members predominate over any questions
19 affecting only individual class members," and "a class action is superior to other
20 available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ.
21 P. 23(b)(3).  The Court addresses each of these requirements in turn.

22 **1.**     **Rule 23(a)(1): Numerosity**

23       To satisfy Rule 23(a)(1), a class must be "so numerous that joinder of all
24 members is impracticable." Fed. R. Civ. P. 23(a)(1).  "[C]ourts generally find that the
25 numerosity factor is satisfied if the class comprises 40 or more members and will find
26 that it has not been satisfied when the class comprises 21 or fewer." *Celano v. Marriott*
27 *Int'l, Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007).

28

    14cv1246

1   Here, the proposed Settlement Class consists of approximately 28,500 members.

2   (Mot. Prelim. Approval 26, ECF No. 36.)   Further, of the Settlement Class,

3   approximately 405 persons also belong to the Adverse Action Subclass.  Joinder of all

4   members is therefore impracticable for purposes of Rule 23(a)(1), and the numerosity

5   requirement is accordingly satisfied.

6   **2.     Rule 23(a)(2): Commonality**

7   Rule 23(a)(2) requires that there be "questions of law or fact common to the

8   class." Fed. R. Civ. P. 23(a)(2).  Commonality requires that "the class members 'have

9   suffered the same injury.'"  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551

10  (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)).  "The

11  existence of shared legal issues with divergent factual predicates is sufficient, as is a

12  common core of salient facts coupled with disparate legal remedies within the class."

13  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

14  Here, each Settlement Class Member executed a form disclosing the employer's

15  intent to obtain a credit report or background check on a current or prospective

16  employee that contained a release of liability.   (Mot. Prelim. Approval 27, ECF No.

17  36.)  One common question resolves the dispute: did Defendant willfully violate the

18  law by using these forms? (*Id.*)  Accordingly, this common question predominates this

19  action.  In addition, with respect to the Adverse Action Subclass, the answer to whether

20  Defendant took adverse action against them based on a background check or report

21  obtained by a third party will drive the resolution of the dispute.  Thus, it is appropriate

22  for these issues to be adjudicated on a class-wide basis. For the aforementioned

23  reasons,  Rule 23(a)(2) is satisfied.

24  **3.     Rule 23(a)(3): Typicality**

25  To satisfy Rule 23(a)(3), Plaintiffs' claims must be typical of the claims of the

26  Class.  The typicality requirement is "permissive" and requires only that Plaintiffs'

27  claims "are reasonably coextensive with those of absent class members." *Hanlon*, 150

28  F.3d at 1020.  "The test of typicality 'is whether other members have the same or

similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). "[C]lass certification should not be granted if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'" *Id.* (citation omitted).

Here, Plaintiffs' claims allegedly arise out of the same underlying conduct as those pertaining to the proposed Settlement Class. Like the members of Settlement Class, Plaintiff was allegedly harmed by Defendant's unlawful use of the disclosure form. (Mot. Prelim. Approval 28, ECF No. 36.) Accordingly, Plaintiffs' claims are typical of the claims of the members of the proposed Settlement Class, satisfying Rule 23(a)(3).

**4.     Rule 23(a)(4): Adequacy**

Rule 23(a)(4) requires that the named representatives fairly and adequately protect the interests of the class. "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of judgment which binds them." *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42–43 (1940)). To determine legal adequacy, the Court must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.*

Here, there is no reason to believe that Francesca Ford and Class Counsel ("Class Counsel") have any conflict of interest with the proposed Settlement Class members. There is also no reason to believe that Francesca Ford and Class Counsel have thus far failed to vigorously investigate and litigate this case. Plaintiffs have retained competent counsel, who has conducted extensive investigation, research, and discovery in this case. (Mot. Prelim. Approval 12, ECF No. 36.) Furthermore, Class Counsel has significant class action litigation experience in state and federal court. (Friedl Decl.

64–73, ECF No. 36-1.) Thus, Francesca Ford and Class Counsel adequately represent the proposed Settlement Class members, and Rule 23(a)(4)'s adequacy requirement is met.

**5.      Rule 23(b)(3)**

Rule 23(b)(3) permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual class members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

***A.      Predominance***

"The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623.  "Rule 23(b)(3) focuses on the relationship between the common and individual issues." *Hanlon*, 150 F.3d at 1022.

Here, the common issue of whether Defendant willfully violated the relevant laws predominates over any individual issue because proof of actual injury for this statutory cause of action is not necessary.  (Mot. Prelim. Approval 29, ECF No. 36.) Further, for purposes of settlement, Class Members are not required to prove any evidentiary or factual issues that could arise in litigation. Accordingly, the predominance requirement of Rule 23(b)(3) is satisfied.

***B.      Superiority***

The final requirement for certification pursuant to Rule 23(b)(3) is "that a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).  The superiority inquiry requires the Court to consider the four factors listed in Rule 23(b)(3):

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the
claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3); *see also Zinser*, 253 F.3d at 1190.  A court need not consider the fourth factor, however, when certification is solely for the purpose of settlement. *See True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1066 n.12 (C.D. Cal. 2010); *see also Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial.").  The superiority inquiry focuses "'on the efficiency and economy elements of the class action so that cases allowed under [Rule 23(b)(3)] are those that can be adjudicated most profitably on a representative basis.'"  *Zinser*, 253 F.3d at 1190 (quoting 7A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1780, at 562 (2d ed. 1986)).  A district court has "broad discretion" in determining whether class treatment is superior.  *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

Here, Class Members claims involve the same issues arising from the same factual bases.  If class members' claims were considered on an individual basis, more than 28,000 cases would follow a similar trajectory, and each would come to a similar result. Furthermore, individual cases would consume a significant amount of the Court's and the class members' resources. It is also likely that Class Members would likely not pursue litigation on an individual basis due to the high costs of pursuing individual claims.  The interests of the Settlement Class members in individually controlling the litigation are minimal, and it is desirable to concentrate the litigation in a single forum.  Accordingly, class treatment is the superior method of adjudicating this controversy, and the superiority requirement of Rule 23(b)(3) is met.

14cv1246

**6.    Conclusion**

For the reasons stated above, the Settlement Class is hereby certified for settlement purposes only.  The Court finds certification of the Settlement Class proper under Rule 23(b)(3).

**PRELIMINARY FAIRNESS DETERMINATION**

Having certified the Settlement Class, the Court must next make a preliminary determination as to whether the proposed settlement is "fair, reasonable, and adequate" pursuant to Rule 23(e)(1)(C).  Relevant factors to this determination include:

> The strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026.  Furthermore, "settlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Id.*

Here, the Settlement is the result of arms'-length negotiations conducted over several months, including three Early Neutral Evaluation sessions before Magistrate Judge Burkhardt. (Mot. Prelim. Approval 18, ECF No. 36.)

**1.    Strength of Plaintiffs' Case**

In order to succeed on the merits, Plaintiffs would have to prove that Defendant's violations were "willful." (*Id.* at 19–20.) This defense coupled with Plaintiffs' burden of proof would make it difficult to prove liability. (*Id.* at 20.) In addition, some courts have categorically rejected the theory of liability in this case, thus Plaintiffs face a substantial risk of complete loss. (*Id.* at 20–21.)  Accordingly, in light of the challenges Plaintiffs would face moving forward, the proposed settlement represents a fair and adequate resolution of Plaintiffs' claims.

**2.    Risk, Expense, Complexity, and Likely Duration of Further Litigation**

Class Counsel believes that settling this matter will substantially benefit the Class, especially considering "the uncertain legal landscape," substantial costs of such

complex litigation with more than 28,000 members, and Defendant's potential liability were the case to succeed on the merits. (*Id.* at 22.)  In addition, the risk of change in case law or statutory enactments favors settlement.  (*Id.*)  Lastly, the potential for lengthy and protracted litigation is a potential risk for this type of trial.  (*Id.*)  Accordingly, this factor weighs in favor of settlement.

### 3.   Risk of Maintaining Class Action Status Throughout Trial

The Parties also argue that there is a risk that the class ultimately would not be certified, or, if the class was certified, that Defendants would appeal the certification or that the class might later be de-certified. (*Id.* at 21–22.)  Weighed against the fact that Defendants do not object to a finding that the class elements are met for the purposes of this settlement, this factor also weighs in favor of settlement.

### 4.   Amount Offered in Settlement

The FCRA provides for statutory damages between $100 and $1,000 for a willful violation.  15 U.S.C. § 1781n(a)(1)(A).  As discussed above, it is unclear whether Plaintiffs would be able to prove that Defendant's actions were willful.  And, without actual injury, it is unlikely that Class Members would receive the maximum statutory damages.  The Settlement Agreements requires Defendants to pay a total of $1,750,000.  The Class Members will receive $36 in actual cash payments without having to file a claim.  (Mot. Prelim. Approval 23, ECF No. 36.) In addition, the Adverse Action Subclass will receive additional cash payment of $63.  Class members will receive monetary compensation, rather than a coupon or an in-store gift card.  Given the risks of litigation and the potential statutory damages, the amount offered in settlement is fair and reasonable, and this factor weighs in favor of settlement.

### 5.   Extent of Discovery Completed and Stage of Proceedings

Prior to agreeing to settle this matter, the parties engaged in substantial discovery, which included reviewing background check disclosures, authorization and release forms, and background check policies and handbooks. (*Id.* at 25.)  In addition, Plaintiffs deposed Defendant and obtained class information from Defendant's credit

1    reporting agency. The case also went through the Early Neutral Evaluation process
2    which encouraged the settlement. Class Counsel gained significant knowledge of the
3    relevant facts and law throughout the discovery process and through its independent
4    investigation and evaluation. Accordingly, this factor weighs in favor of settlement.

5    **6.    Experience and Views of Counsel**

6         Class Counsel believes the Settlement Agreement is fair, reasonable, and
7    adequate and in the best interest of the Settlement Class. (*Id.*) "The recommendations
8    of plaintiffs' counsel should be given a presumption of reasonableness." *Boyd v.*
9    *Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979). Here, the presumption of
10   reasonableness is warranted based on Class Counsel's expertise in complex litigation,
11   familiarity with the relevant facts and law, and significant experience negotiating other
12   class and collective action settlements. According the appropriate weight to the
13   judgment of these experienced counsel, the Court concludes that the settlement is fair,
14   reasonable, and adequate.

15   **7.    Conclusion**

16        For the reasons stated above, Plaintiffs' Unopposed Motion for Preliminary
17   Approval of Class Settlement is **GRANTED.**

18                    **ATTORNEY'S FEES AND INCENTIVE AWARDS**

19        Pursuant to the Settlement Agreement, Defendant has agreed not to object to or
20   oppose Plaintiffs' application for attorneys' fees and litigation expenses, provided that
21   Plaintiffs' Counsel seeks no more than one-third of the $1,750,000 Maximum
22   Settlement Fund. (Friedl Decl. 25, ECF No. 36-1.) In addition, the Settlement
23   Agreement provides for up to a $5,000 incentive payment to Francesca Ford and a
24   $2,500 incentive payment to Isabel Rodriguez. (*Id.* at 24.) Given that these awards are
25   included in the Settlement Agreement, they are included in the Court's preliminary
26   determination that the Settlement Agreement is fair, reasonable, and adequate.

27        Incentive awards are meant to compensate named plaintiffs for the services they
28   provided and the risks they incurred during the course of the class action litigation.

14cv1246

The Court finds that these modest incentives awards are reasonable.  In regard to the attorneys' fees, the Court has discretion to award attorneys' fees based on "the percentage-of-the-fund or the lodestar method." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295-96 (9th Cir. 1994).  The Ninth Circuit has routinely applied the percentage-of-the-fund approach.  *In re Pacific Enterprises Securities Litigation*, 47 F.3d 373, 378-79 (9th Cir. 1994).  Counsel seeks up to one-third of the Maximum Settlement Fund, which is in line with other attorneys' fees awards in California.[2]  Class Counsel's requested fees are reasonable and are preliminarily approved pending an application to and final approval by the Court per Fed. R. Civ. P. 23(h).

## NOTICE OF CLASS CERTIFICATION AND SETTLEMENT

Pursuant to Rule 23(c)(2)(B), "[f]or any class certified under Rule 23(b)(3) the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).[3]  Because the Court has

---

[2]Various courts in the Ninth Circuit have awarded attorneys' fees valued at one third of the Gross Settlement Value, including "*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 457, 463 (9th Cir. 2000) (affirming award of fees equal to one-third of total recovery); *In re Public Ser. Co. of New Mexico*, 1992 WL 278452, at *1, *12 (S.D. Cal. July 28, 1992 (awarding one-third); [and] *Antonopulos v. North American Thoroughbreds, Inc.*, 1991 WL 427893, at *1, *4 (S.D. Cal. May 6, 1991) (awarding one-third)." (Mot. Prelim. Approval 31, ECF No. 13-4.)

[3] Rule 23(c)(2)(B) further provides:

The notice must clearly and concisely state in plain, easily understood language:

    (i)     the nature of the action;
    (ii)    the definition of the class certified;
    (iii)   the class claims, issues, or defenses;
    (iv)   that a class member may enter an appearance through an attorney if the member so desires;
    (v)    that the court will exclude from the class any member who requests exclusion;
    (vi)   the time and manner for requesting exclusion; and
    (vii)  the binding effect of a class judgment on members under Rule 23(c)(3).

1  determined that certification is appropriate under Rule 23(b)(3), the mandatory notice
2  procedures required by Rule 23(c)(2)(B) must be followed.

3      Where there is a class settlement, Rule 23(e)(1) requires the court to "direct
4  notice in a reasonable manner to all class members who would be bound by the
5  proposal." Fed. R. Civ. P. 23(e)(1). "[T]he mechanics of the notice process are left to
6  the discretion of the court subject only to the broad 'reasonableness' standards imposed
7  by due process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975).

8      The parties have agreed to notify the Class in writing by mailing all class
9  members a notice of class certification. (Mot. Prelim. Approval 31, ECF No. 36.)
10  Defendant will prepare, pay for, and send the notice with the assistance of a Settlement
11  Administrator within 30 days of the court's entry of the Preliminary Approval Order.
12  (*Id.* at 16.) The proposed notice includes "a description of the action and Class claims,
13  as well as the Class Members' right to opt out of, object to, or comment on the
14  proposed Settlement, including any application for attorneys' fees, costs, and service
15  awards." (*Id.*; Friedl Decl. 40–48, ECF No. 36-1.) The Notice provides clear
16  instructions on how to opt-out of the Settlement Agreement, which requires sending
17  a letter to the Settlement Administrator, and how to object to the Settlement, which
18  requires filing a written objection with the Court and serving counsel. (Friedl Decl.
19  45–46, ECF No. 36-1.) Having thoroughly reviewed the jointly drafted Notice of Class
20  Action Settlement, the Court finds that the method and content of the Notice comply
21  with Rule 23. Thus, the Court approves the Parties' proposed notification plan.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

Fed. R. Civ. P. 23(c)(2)(B).

14cv1246

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. The Court hereby **ORDERS** as follows:

1.      <u>PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AGREEMENT</u>: The Settlement Agreement is preliminarily approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).

2.      <u>PRELIMINARY CLASS CERTIFICATION</u>: Pursuant to Federal Rule of Civil Procedure 23(b)(3), the action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Settlement Class members with respect to the claims asserted in this Action:

> <u>Settlement Class</u>: All persons for whom Defendant ordered or obtained a background check or report of any type (including, without limitation, a credit check or report, a consumer credit report, an investigative consumer report, a criminal history report or a reference check) from any third party, including, without limitation, General Information Services, at any time from March 24, 2012, through and including the Preliminary Approval Date, without complying fully with the disclosure and authorization requirements of the Fair Credit Reporting Act, 15 U.S.C. sections 1681b(b)(2)(A) and 1681d(a), the California Consumer Credit Reporting Agencies Act, California Civil Code section 1785, *et seq.*, the California Investigative Consumer Reporting Agencies Act, California Civil Code section 1786, *et seq.*, or any comparable provision of federal, state, or local law governing background checks, credit checks, consumer credit reports, investigative consumer reports, criminal history reports, or reference checks.

> <u>Adverse Action Subclass</u>: All persons that Defendant subjected to adverse employment action (as defined by the FCRA, 15 U.S.C. section 1681, *et seq.*) Including, without limitation, a decision not to offer employment , promotion, or transfer or to terminate employment at any time from March 24, 2012, through and including the Preliminary Approval Date of the Settlement, based in whole or in part, upon a background check or report of any type (including, without limitation, a credit check or report, a consumer credit report, an investigative consumer report, a criminal history report or a reference check) that Defendant ordered or obtained from any third party including, without limitation, General Information Services, Inc. without complying fully with the disclosure and authorization requirements of the Fair Credit Reporting Act, 15 U.S.C. sections 1681b(b)(2)(A) and 1681d(a), the California Consumer Credit Reporting Agencies Act, California Civil Code section 1785, *et seq.*, the California Investigative Consumer Reporting Agencies Act, California Civil Code section 1786, *et seq.*, or any comparable provision of federal, state, or local law governing background checks, credit checks, consumer credit reports, investigative consumer reports, criminal history reports, or reference checks.

14cv1246

3.   <u>CLASS REPRESENTATIVE, CLASS COUNSEL, AND CLAIMS ADMINISTRATOR</u>: Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, Plaintiff Francesca Ford as the Class Representative, and Capstone Law APC as Class Counsel.  In addition, the Court approves and appoints Kurtzman Carson Consultants, LLC as the Claims Administrator.

4.   <u>NOTICE</u>: The Court preliminarily approves the form and substance of the proposed notice set forth in the Settlement Agreement and the Class Notice attached as Exhibit A to the Settlement Agreement.  (Friedl Decl. 40, ECF No. 36-1.) The form and method for notifying the Class Members of the Settlement and its terms and conditions satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and 23(e). The Court finds that the Notice Procedure submitted by the parties constitutes the best notice practicable under the circumstances. As provided in the Settlement Agreement, the Claims Administrator shall provide notice to the Class by First Class U.S. Mail and respond to Class Member inquiries.

> *Within thirty (30) days of the date on which this Order is electronically docketed*, the parties shall disseminate the Notice in the form attached to as Exhibit A to the Settlement Agreement and in the manner and form set forth in the Settlement Agreement.

5.   <u>FINAL APPROVAL HEARING</u>: Judge Sammartino shall conduct a Final Approval Hearing on Thursday, December 3, 2015, at 1:30 p.m. at 221 W. Broadway, Courtroom 4A, 4th Floor, San Diego, CA 92101, to consider:

    1.   the fairness, reasonableness, and adequacy of the proposed settlement;

    2.   Plaintiffs' request for the award of attorneys' fees and costs;

    3.   the Class Representative enhancement;

    4.   dismissal with prejudice of the class action with respect to Defendants; and

    5.   the entry of final judgment in this action.

1    At the Final Approval Hearing, the parties also shall be prepared to update the
2 Court on any new developments since the filing of the motion, including any untimely
3 submitted opt-outs, objections, and claims, or any other issues as the Court deems
4 appropriate.

5    The date and time of the Final Approval Hearing shall be included in the Notice
6 to be mailed to all class members.

7  6.    MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT: *No*
8 *later than twenty -one (21) days before the Final Approval Hearing*, the parties shall
9 file  Motion for Final Approval of Class Action Settlement. The Motion shall include
10 and address any objections received up to the filing date. In addition to the class
11 certification and settlement fairness factors, the motion shall address the number of
12 putative Settlement Class members who have opted out and the number of claims.

13  7.    APPLICATION   FOR   ATTORNEYS'   FEES,   COSTS,   AND   CLASS
14 REPRESENTATIVE INCENTIVE AWARDS: *No later than twenty-one (21) days*
15 *before the Final Approval Hearing*, Class Counsel shall file an application for
16 attorneys' fees, costs, and class representative enhancement awards. Class Counsel
17 shall provide documentation detailing the number of hours incurred by attorneys in
18 litigating this action, supported by detailed time records, as well as hourly
19 compensation to which those attorneys are reasonably entitled. Class Counsel should
20 address the appropriateness of any upward or downward departure in the lodestar
21 calculation, as well as reasons why a percentage-of-the-fund approach to awarding
22 attorneys' fees may be more preferable in this case. Class Counsel should be prepared
23 to address any questions the Court may have regarding the application for fees at the
24 Final Approval Hearing.

25  8.    MISCELLANEOUS PROVISIONS: In the event the proposed settlement is not
26 consummated for any reason, the conditional class certification shall be of no further
27 force or effect. Should the settlement not become final, the fact that the parties were
28 willing to stipulate to class certification as part of the settlement shall have no bearing

14cv1246

on, nor be admissible in connection with, the issue of whether a class should be certified in a non-settlement context.

9.      SCHEDULE: The Court orders the following schedule for further proceedings:

| Event | Date |
|---|---|
| Delivery of Class List to Claims Administrator by Defendants | Within 7 days of the date on which this Order is electronically docketed |
| Notice sent to Class Members by Claims Administrator | Within 30 days of the date on which this Order is electronically docketed |
| Last Day for Class Members to File Request for Exclusion from Settlement | No later than 60 days from the date of mailing the Notice |
| Last Day for Class Members to File Objections to the Settlement | No later than 60 days from the date of mailing the Notice |
| Parties to File Motion for Final Approval | No later than 21 days before the Final Approval Hearing |
| Class Counsel to File Motion for Attorneys' Fees and Costs and Incentive Fees | No later than 21 days before the Final Approval Hearing |
| Final Approval Hearing | Thursday, December 3, 2015, at 1:30 p.m. |

**IT IS SO ORDERED.**

DATED:  July 7, 2015

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge

14cv1246